IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY WILLIAMS, Individually and on behalf of C.H., | : | No. 14-6238 |
| Defendant. | : | |

**ORDER**

**AND NOW**, this **20th** day of **November, 2015**, upon consideration of Defendant's Motion for Judgment on the Administrative Record (Document No. 21), Plaintiff's response thereto, and Defendant's reply thereon, and Plaintiff's Motion for Judgment on the Administrative Record (Document No. 22), Defendant's response thereto, and Plaintiff's reply thereon, and for the reasons stated in the Court's Memorandum dated November 20, 2015, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Judgment on the Administrative Record (Document No. 22) is **DENIED**.

2. Defendant's Motion for Judgment on the Administrative Record (Document No. 21) is **GRANTED** in part and **DENIED** in part.

3. The Hearing Officer's Decision is **AFFIRMED** on all findings of denial of FAPE.

4. The Hearing Officer's award of compensatory education of iPad training not to exceed 120 hours or $1,000 is **AFFIRMED**.

5. Plaintiff must reimburse Defendant for 353 hours of compensatory art and physical education, pursuant to the terms specified by the Hearing Officer.

6. Plaintiff must fund two hours of private speech/language therapy for every week school was in session during the 2013-2014 school year, as well as a total of twelve and a half hours of consultation services, pursuant to the terms specified by the Hearing Officer.

7. Plaintiff must continue to provide C.H. with an iPad throughout his attendance in high school, unless and until the IEP team believes that it can be eliminated.

8. The Hearing Officer's order regarding the continued provision of a 1:1 aide is **AFFIRMED**.

9. Plaintiff must provide C.H. three forty-five-minute sessions of speech/language therapy weekly in an individual or small-group setting for a period of six months. The IEP team shall determine the level of speech/language therapy necessary after that period based on the results of the comprehensive evaluation. The Hearing Officer's order regarding speech/language consultation services is **AFFIRMED**, unless and until the IEP team believes these services can be reduced or eliminated.

10. The Hearing Officer's order regarding self-advocacy instruction is **REVERSED**.

11. The Hearing Officer's order regarding a comprehensive evaluation is **AFFIRMED**.

12. All other decisions by the Hearing Officer are **AFFIRMED**.

BY THE COURT:

**Berle M. Schiller, J.**