# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY WILLIAMS, | : | |
| Individually and on behalf of C.H., | : | No. 14-6238 |
| Defendant. | : | |

## MEMORANDUM

Schiller, J.                                                                                          March 7, 2016

Special Education Hearing Officer Linda Valentini (the "Hearing Officer") found that the School District of Philadelphia (the "School District") had denied Defendant Kimberly Williams's son, C.H., a free appropriate public education ("FAPE"), to which he was entitled under the Individuals with Disabilities Education Act ("IDEA"). The School District appealed, and this Court affirmed the Hearing Officer's decision with minor modifications and ordered appropriate relief. Williams now moves for an award of attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3). The Court grants the motion and orders the School District to pay reasonable fees and costs.

## I.     BACKGROUND

The Court's November 20, 2015 Memorandum granting Judgment on the Administrative Record details this case's procedural history. (Nov. 20, 2015 Mem. [Mem.] at 2–7.) Williams filed her initial due process complaint in December 2013, alleging that during C.H.'s freshman year at Roxborough High School the School District failed to provide him FAPE in seven ways.

(Hearing Officer Valentini Decision [H.O. Decision] at 2–3.) She also alleged procedural violations of the IDEA and violations of Section 504 of the Rehabilitation Act, and sought an order requiring the School District to perform a comprehensive evaluation of C.H. (Mem. at 4.) Following a lengthy decision, the Hearing Officer found three distinct denials of FAPE: (1) failure to provide an iPad; (2) failure to provide a 1:1 aide; and (3) failure to provide appropriate speech and language services. (H.O. Decision at 1.) She ordered compensatory education and other remedies for those denials, and ordered the School District to comprehensively evaluate C.H. (*Id.*) The Hearing Officer denied Williams's remaining claims. (*Id.*)

The School District filed a lawsuit in this Court seeking review of the merits of the Hearing Officer's decision. On November 20, 2015, the Court granted Williams's Motion for Judgment on the Administrative Record in part, affirming the Hearing Officer's findings of denial of FAPE while slightly modifying the remedies she ordered. (Nov. 20, 2015 Order.)

Williams now seeks an award of $228,749 in attorneys' fees for the work of five lawyers and three interns, as well as an additional $1,306.53 in costs. (Mot. Att'ys' Fees Proposed Order.) Attorneys Sonja Kerr and Jason Fortenberry of the Public Interest Law Center of Philadelphia ("PILCOP") represented Williams in the administrative hearing, with assistance from interns Jennifer Grobe and Jorden Konell. (Mem. Law Supp. Mot. Att'ys' Fees at 13–14.) Kerr, Fortenberry, and Attorney Julie Foster (also of PILCOP), represented Williams on the School District's appeal to this Court, with assistance from intern Mariel Hooper. (*Id.* at 14–15.) Kerr and Fortenberry filed a fee petition prior to the School District's appeal in this matter, and later retained attorneys Lesli Esposito and Justin Kerner of DLA Piper LLP to represent them in conjunction with this request for fees. (*Id.* at 15.)

## II. LEGAL STANDARD

The IDEA allows district courts to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). A party qualifies as a prevailing party if she succeeds on any significant issue in litigation that achieves some of the benefit she sought. *J.O. ex. rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002).

A court begins the calculation of reasonable fees by calculating the "lodestar," "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). In determining the number of hours reasonably expended, a court reviews the time charged, decides whether the hours were reasonably expended for the purposes described, and excludes any hours that are excessive or redundant. *Id.* In turn, it calculates a reasonable hourly rate according to the prevailing market rates in the relevant community, taking into account the experience and skill of the requesting party's attorneys and the rates for similar services by local lawyers of reasonably comparable skill, experience and reputation. *Id.* The resulting lodestar is presumed to yield a reasonable fee. *Washington v. Phila. Cty. Ct. Com. Pl.*, 89 F.3d 1031, 1035 (3d Cir. 1996). However, a court may reduce the award if the prevailing party only achieved partial or limited success in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

The party seeking fees bears the burden of proving that its request is reasonable by submitting evidence supporting the hours worked and the rates claimed. *Rode v. Dellarciprete*, 892 F.3d 1177, 1183 (3d Cir. 1990). The party opposing the motion then has the burden of challenging the reasonableness of the requested fee, and a court may only decrease the award

3

based on factors raised by the adverse party. *E.C. v. Sch. Dist. of Phila.*, 91 F. Supp. 3d 598, 603 (E.D. Pa. 2015).

**III. DISCUSSION**

The School District does not dispute that Williams is a "prevailing party" and therefore is entitled to attorneys' fees and costs under the IDEA. (*See* Resp. Opp'n Mot. Att'ys' Fees.) However, the School District challenges the billing rates that Williams seeks for certain attorneys, and argues that some of the hours charged are excessive. (*Id.* at 1.) It also asks the Court to reduce the fee award for both the administrative hearing and the appeal to 40% of the lodestar to reflect the fact that Williams did not prevail on all her claims. (*Id.* at 22.) Williams, for her part, argues that the hours and billing rates she presents for both the underlying merits case and the fee action are reasonable, and that no further reduction of the lodestar is warranted. (*See* Reply Supp. Mot. Att'ys' Fees.)

**A. The Merits Lodestar**

*1. Hourly billing rates*

Williams seeks the following hourly rates for the work of the PILCOP lawyers and interns who represented her in the administrative hearing and subsequent federal court appeal: $600 for Attorney Sonja Kerr; $210 for Attorney Jason Fortenberry, $200 for Attorney Julie Foster, and $100 for interns Jennifer Grobe, Jorden Konell, and Mariel Hooper. (Mem. Law Supp. Mot. Att'ys' Fees at 8–11.) The School District challenges only Kerr's rate, arguing that she should be awarded an hourly rate of $400. (Sch. Dist. Proposed Order.)

When awarding a reasonable hourly rate, "[t]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). When, as here, the attorney in question does not have a customary rate because she works at an organization that does not charge its clients fees, the prevailing rate can be established from external sources, including: "(1) affidavits of counsel with similar experience as to what they would charge for a similar case; (2) bar surveys of customary rates; (3) the amount charged by counsel for the opposition in the particular case or similar litigation; (4) the amounts awarded counsel with similar experience in similar litigation; and (5) the amounts awarded for the services of counsel in prior litigation." *E.C.*, 91 F. Supp. 3d at 603.

Kerr is indisputably a highly experienced special education attorney. She has 28 years of legal experience, the vast majority of which she has spent representing children with disabilities and their families. (Mot. Att'ys' Fees, Ex. D [Kerr Decl.] at ¶¶ 4–12.) Since 2010, she has served as Director of PILCOP's Disability Rights Project. (*Id.* ¶ 12.) In support of her request for a $600 hourly rate for Kerr, Williams provides the declarations of two attorneys unaffiliated with PILCOP who have similar experience in the field of special education litigation. David J. Berney has 23 years of legal experience and has operated a plaintiff-side special education law firm in Philadelphia since 1996. (Mot. Att'ys' Fees, Ex. M [Berney Decl.] at ¶¶ 2–3.) Berney avers that he currently charges clients $495 per hour, and that he believes $600 is an appropriate hourly rate for Kerr, who graduated from law school five years before he did. (*Id.* at ¶ 23.) Dennis McAndrews also operates a law firm that represents students with disabilities. (Reply Supp. Mot. Att'ys' Fees, Ex. B [McAndrews Decl.] at ¶¶ 3–4.) In his declaration, McAndrews explains that the hourly rate ultimately charged under fee-shifting statutes often depends on negotiation with school districts in which counsel must consider factors, such as timely payment, that would not

5

ordinarily play a role in the determination of the market rate. (*Id.* at ¶ 7.) He estimates nevertheless that he and Kerr would earn $600 per hour if their rates were based purely on market factors. (*Id.* at ¶¶ 7–8.)

The School District rebuts this evidence with three additional declarations from attorneys Gabrielle Sereni, Karl Romberger, and Miles Shore, all of whom represent school districts in special education proceedings. (Resp. Opp'n Mot. Att'ys' Fees, Ex. 3 [Sereni Decl.] at ¶ 1; Ex. 4 [Romberger Decl.] at ¶ 1; Ex. 5 [Shore Decl.] at ¶ 3 (noting that Shore is in-house counsel for the School District).) Each of these attorneys negotiates attorneys' fees settlements with counsel for students and families, and they provide the following estimates of a reasonable hourly rate for an attorney with Kerr's experience: (1) Sereni, $395–$425; (2) Romberger, $385–$410; (3) Shore, $395–$410. (Sereni Decl. at ¶ 11; Romberger Decl. at ¶ 7; Shore Decl. at ¶¶ 9–16.)

Both parties attack each other's declarations as motivated by self-interest. (Resp. Opp'n Mot. Att'ys' Fees at 14–16; Reply Supp. Mot. Att'ys' Fees at 8–9.) The School District is correct that Berney and McAndrews have an incentive to support Kerr's quest for a high rate in order to establish precedent for their own future fee requests. However, the school district attorneys also have an incentive to prevent decisions establishing such high rates. Williams notes that Shore, on behalf of the School District, has actively sought to limit rates by stating that he will litigate any rate request over $400, thereby significantly delaying payment of attorneys' fees. (Reply Supp. Mot. Att'ys' Fees, Ex. A, Ex. 1 [Sch. Dist. Letter].) Regardless, considering the evidence presented by both parties, it is clear that highly experienced special education lawyers in Philadelphia regularly seek compensation of between $400 and $500 per hour. However, it appears that only Kerr charges an hourly rate of $600.

Recent decisions in this District are consistent with this conclusion. In 2015, courts in this District awarded Berney hourly rates of $350 and $385. *M.M. v. Sch. Dist. of Phila.*, Civ. A. No. 14-6061, 2015 WL 6689855, at *6 (E.D. Pa. Nov. 3, 2015); *E.C.*, 91 F. Supp. 3d at 604. In 2012, one court awarded Kerr a rate of $400 an hour. *G.J. ex rel. Jackson v. Lower Merion Sch. Dist.*, Civ. A. No. 11-3723, 2012 WL 2327780, at *6 (E.D. Pa. June 19, 2012). The only outlier is a recent decision awarding Kerr her requested hourly rate of $600. *I.W. v. Sch. Dist. of Phila.*, Civ. A. No. 14-3141, 2016 WL 147148, at *10 (E.D. Pa. Jan. 13, 2016).

The decision in *I.W.*, like Williams's motion, relies heavily on the 2014 Community Legal Services ("CLS") and PILCOP fee schedules. Both indicate that an hourly rate of $600–$650 is appropriate for attorneys with more than twenty-five years of experience. (Mot. Att'ys' Fees, Ex. B [PILCOP Fee Schedule]); *Attorney Fees*, Community Legal Services, https://clsphila.org/about-cls/attorney-fees (last visited Feb. 22, 2016) [CLS Fee Schedule]. Courts in this District rely on the CLS Fee Schedule when the non-prevailing party does not object or if the parties supply little other evidence of reasonableness of the proposed rates. *I.W.*, 2016 WL 147148, at *8 n.12. Here, unlike in *I.W.*, the School District argues that it has supplied sufficient evidence of the prevailing rate to make reliance on the CLS Fee Schedule unnecessary. (Resp. Opp'n Mot. Att'ys' Fees at 8.) The Court agrees that in this case the evidence presented in both parties' declarations, as well as a survey of recent decisions, shows that no other attorney in the special education field commands an hourly rate of $600. This evidence demonstrates that, despite Kerr's impressive qualifications, $600 is not the prevailing market rate for any special education attorney. Therefore, deviation from the CLS Fee Schedule is appropriate, and the Court finds that $450 an hour, which is among the highest hourly rates in the field, is a reasonable rate for Kerr.

*2. Hours billed*

Williams submitted timesheets detailing the hours that PILCOP staff worked on her merits case. In preparation for the administrative hearing, Fortenberry worked 253.5 hours, Kerr worked 94 hours, Grobe worked 7.8 hours, and Konell worked 15 hours, for a total of 370.3 hours. (Mot. Att'ys' Fees, Ex. G [Merits Lodestar].) PILCOP voluntarily reduced the hours billed for Fortenberry's work on the administrative proceeding to 216.8, and billed only $100 an hour for an additional thirteen hours he spent doing clerical work. (Mem. Law Supp. Mot. Att'ys' Fees at 18.) In defending the School District's appeal to this Court, Fortenberry worked 13.8 hours, Foster worked 6.3 hours, Hooper worked 30.6 hours, and Kerr worked 91.3 hours. (Merits Lodestar.) The School District does not challenge the time PILCOP attorneys spent on the appeal, but does raise the following objections to the number of hours billed for the administrative hearing: (1) Fortenberry spent an excessive amount of time preparing for the initial administrative hearing session, and that time should be reduced by 50%; (2) the time Kerr spent conferring with Fortenberry should be stricken; (3) it was duplicative for both Kerr and Fortenberry to attend the hearing, and therefore Fortenberry's time should be reduced by 25% and Kerr's should be reduced by 75%; and (4) Grobe and Konell's time summarizing hearing transcripts duplicated Fortenberry's work and should be stricken. (Resp. Opp'n Mot. Att'ys' Fees at 18–19.)

The amount of time reasonably expended on preparation for an administrative due process hearing depends on the length of the hearing and the attorney's experience. *See E.C.*, 91 F. Supp. 3d at 608. A less-seasoned attorney reasonably requires more time to prepare than an experienced one, and a court in this District has approved 107 billable hours of preparation for a three-day hearing. *Id* at 608–09. Other courts in this District have approved 130 hours of

preparation for a nine-day hearing and 119 hours of preparation for a six-day hearing. *I.W.*, 2016 WL 147148, at *16; *M.M.*, 2015 WL 6689855, at *7. Upon review of Fortenberry's timesheets and after taking into account PILCOP's voluntary reduction of his preparation hours, Fortenberry spent approximately 160 hours preparing for the five-day hearing in this case. Given that Fortenberry was a junior attorney who had only been representing clients in special education hearings for a matter of months at the time of the administrative hearing, the Court finds that his preparation time was reasonable. (*See* Mot. Att'ys' Fees, Ex. E, Ex. 1 [Fortenberry Resume].)

The Court also disagrees with the School District's contention that the 26.8 hours that Kerr spent conferring with Fortenberry were unreasonable. Kerr's supervision allowed Fortenberry, who bills at a much lower rate, to handle the majority of the administrative proceeding. *See M.M.*, 2015 WL 6689855, at *7 ("These types of communications between senior and junior attorneys are appropriate and contribute to the overall reduction of costs of litigation with the junior attorney performing most of the work."). In other cases, this type of conferral and supervision enabled the junior attorney to handle the hearing alone. Here, however, both Kerr and Fortenberry billed for their attendance at the full five-day hearing. *See id.* (permitting communications between attorneys where senior attorney did not attend hearing); *see also Planned Parenthood of Cent. N.J. v. Att'y Gen. of State of N.J.*, 297 F.3d 253, 272 (3d Cir. 2002) (noting that attendance of multiple lawyers at a proceeding is often excessive). Rather than excluding some of this duplicative time, the Court will allow Kerr to bill at her full rate for the 37.9 hours she spent attending the hearing while reducing Fortenberry's rate to the paralegal/intern rate of $100 per hour. Finally, the Court accepts PILCOP's explanation that interns Grobe and Konell summarized the hearing transcripts and Fortenberry reviewed those
9

summaries while preparing the post-hearing brief, and thus will not strike the interns' time. (Reply Supp. Mot. Att'ys' Fees at 15.)

### 3. Reduction of the lodestar

The School District advocates that the Court reduce the total merits lodestar by 40% to reflect Williams's partial success in both the administrative hearing and the appeal. A district court may reduce the lodestar downward to account for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims. *Rode*, 892 F.2d at 1183. However, if the prevailing party has obtained excellent results, the award should not be reduced simply because she failed to prevail on every contention raised in the lawsuit. *Hensley*, 461 U.S. at 435.

The School District significantly understates Williams's success in front of both the Hearing Officer and this Court. The administrative hearing addressed four major issues: (1) whether the School District violated the procedural protections of the IDEA by impeding Williams's participation in the decision-making process about her son; (2) whether the School District denied FAPE to C.H.; (3) whether the School District discriminated against C.H. in violation of Section 504 of the Rehabilitation Act; and (4) whether the School District should be ordered to conduct a comprehensive evaluation of C.H. (H.O. Decision at 2–3.) Williams prevailed on the second and fourth issues, even though the Hearing Officer did not find in her favor on every alleged denial of FAPE. (*Id.* at 17–23.) The Hearing Officer did not address the third issue, the Section 504 claims, because they were addressed under the IDEA, and the parties did not spend any additional time addressing these claims during the hearing. (*See id.* at 17.) The only major issue on which Williams's counsel was unsuccessful was the first issue, the procedural claim, which was the focus of far less time during the hearing than the denial of

FAPE claim. (*Id.* at 17–21.) Therefore, a 10% reduction of the lodestar is appropriate for the time devoted to the administrative proceeding.

Only the School District appealed the Hearing Officer's decision, and Williams notably did not continue to pursue the claims on which she was unsuccessful in the administrative hearing. (*See* Def.'s Mot. J. Admin. R.) This Court affirmed the vast majority of the Hearing Officer's decision, making only modest adjustments to the relief ordered. (Nov. 20, 2015 Order.) No reduction in the lodestar is warranted for the time spent defending the appeal.

As a result, the fee award calculation for the merits case is as follows:

**Fees for the Administrative Hearing**

| Attorney | Hours | Rate | Lodestar Total |
|---|---|---|---|
| Kerr | 94 | $450 | $42,300 |
| Fortenberry | 165.8 | $210 | $34,818 |
| Fortenberry (Reduced Rate) | 51 | $100 | $5,100 |
| Grobe | 7.8 | $100 | $780 |
| Konell | 15 | $100 | $1500 |
| **Total** | | | $84,498 |
| **Total After 10% Reduction** | | | $76,048.20 |

**Fees for the Appeal**

| Attorney | Hours | Rate | Lodestar Total |
|---|---|---|---|
| Kerr | 91.3 | $450 | $41,085 |
| Fortenberry | 13.8 | $210 | $2,898 |
| Foster | 6.3 | $200 | $1,260 |
| Hooper | 30.6 | $100 | $3,060 |
| **Total** | | | $48,303 |

The total merits fee award is $124,351.20. PILCOP is also entitled to $898.98 in costs, which the School District does not dispute. (Mem. Supp. Mot. Att'ys' Fees at 16 & 17 n.7.)

    **B.**    **The Fee Petition Lodestar**

"A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood of Cent. N.J.*, 297 F.3d at 268.

District courts must conduct a separate lodestar analysis for the fee proceeding and reduce the lodestar if necessary to reflect the prevailing party's partial success. *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 924 (3d Cir. 1985). Contrary to the School District's suggestion, PILCOP's decision to engage outside counsel to assist with the fee petition does not foreclose this court from awarding attorneys' fees. However, the School District challenges both the rates of PILCOP's fees counsel, Esposito and Kerner of DLA Piper, and the hours expended on the fee petition.

*1. Hourly billing rates*

Williams seeks reimbursement for Esposito and Kerner's work at their standard hourly rates of $830 and $435, respectively. (Mem. Law Supp. Mot. Att'ys' Fees at 10.) While an attorney's usual billing rate is the starting point for ascertaining a reasonable hourly rate, it is not dispositive. *Maldonado*, 256 F.3d at 184–85. Esposito is an experienced attorney, but her standard rate of $830 represents the prevailing market rate for a partner at a large law firm who specializes in commercial litigation, not a special education attorney. (*See* Mot. Att'ys' Fees, Ex. I [Esposito Decl.].) She does not claim to possess specialized experience in fee petition litigation, although she has participated in the litigation of a special education class action case before the Third Circuit. (*Id.*) Therefore, given the lack of other evidence of the prevailing rate for pro bono fees attorneys, the Court will determine her reasonable hourly rate by reference to the CLS Fee Schedule. *See I.W.*, 2016 WL 147148, at *11 (finding a rate within the range prescribed by the CLS Fee Schedule but lower than her standard billing rate to be appropriate for a pro bono attorney who handled the fee petition). Esposito has seventeen years of experience, placing her in the $435–$505 range on the CLS Fee Schedule. (Esposito Decl. at ¶ 2.) Since she is not

particularly experienced in the type of case at issue here, the Court determines that $435 is Esposito's reasonable hourly rate.

Kerner's rate is subject to the same analysis. His billing rate as an associate handling commercial litigation at DLA Piper is not a reasonable rate for his work on the fee petition. Instead, the Court will use the CLS Fee Schedule. Kerner has five years of experience, which places him in the $200–$250 range. The Court determines that $210 is Kerner's reasonable hourly rate.

### 2. *Hours billed*

As when calculating the merits lodestar, courts awarding attorneys' fees for a fee petition should exclude excessive hours not reasonably necessary to complete the task. *Rode*, 892 F.2d at 1192. Originally, Williams sought reimbursement for 27.2 hours expended by Kerr, 2.2 hours expended by Fortenberry, 32.8 hours expended by Esposito, and 48.2 hours expended by Kerner. (Mem. Supp. Mot. Att'ys' Fees at 17.) However, PILCOP has since conceded that Kerner and Esposito duplicated some of Kerr's work, because Kerr, prior to the School District's appeal, filed a fees complaint that was ultimately replaced by this motion. (Reply Supp. Mot. Att'ys' Fees at 16 n.13.) Therefore, Williams suggests that a 23.3 hour reduction of the time Kerr spent on the fee petition would be reasonable, and the Court will accept that suggestion. (*See id.*)

Some of the hours expended by Kerner and Esposito are also duplicative and excessive. For example, 21.5 of the 32.8 hours billed by Esposito occurred prior to the resolution of the appeal in this case on November 20, 2015. (Mot. Att'ys' Fees, Ex. J [Esposito Timesheet].) Esposito attributes much of this time to correspondence with counsel about the procedural coordination of the original fee action with the School District's appeal. (*See id.*) Kerner billed 35 of his 48.2 hours prior to November 20, 2015, including many of the same conversations

about procedure for which Esposito billed. (Mot. Att'ys' Fees, Ex. L [Kerner Timesheet].) He also billed several hours for work related to his *pro hac vice* application and discussions with other members of his firm about the scope of the pro bono representation. (*Id.*) While the Court understands that navigating procedural issues is part of litigating in federal court, the time billed by both Esposito and Kerner for discussions relating to administrative matters was excessive. In order to compensate the prevailing party for the time spent preparing the fees petition while eliminating excessive and redundant hours, the Court will reduce both Esposito's and Kerner's hours by 50%.

### 3. Reduction of the lodestar

No reduction of the resulting lodestar is warranted, particularly since Williams has not sought fees for the time her attorneys spent reviewing the School District's response to this motion and drafting a reply. (Reply Supp. Mot. Att'ys' Fees at 20 n.16.)

The fee award calculation for the fees case is as follows:

| Attorney | Hours | Rate | Lodestar Total |
| --- | --- | --- | --- |
| Kerr | 3.9 | $450 | $1,755 |
| Fortenberry | 2.2 | $210 | $462 |
| Esposito | 16.4 | $435 | $7,134 |
| Kerner | 24.1 | $210 | $5,061 |
| **Total** | | | $14,412 |

PILCOP is also entitled to $407.55 in costs for the fees matter, which the School District does not dispute. (Mem. Supp. Mot. Att'ys' Fees at 17.)

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion for Attorneys' Fees and Costs, and awards $140,069.73 in total attorneys' fees and costs. An Order consistent with this Memorandum will be docketed separately.